Filed 4/1/15  P. v. Meloan CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARCUS MARION MELOAN,<br><br>    Defendant and Appellant. | D066129<br><br><br>(Super. Ct. No. SCD252746) |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy R. Walsh, Judge.  Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In this criminal case, appointed appellate counsel filed a brief presenting no argument for reversal but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We gave defendant and appellant Marcus Marion Meloan an opportunity to file a brief on his own behalf, and he has done

so.  After having independently reviewed the entire record for error, as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende*, we affirm.

FACTUAL  BACKGROUND

In 2012 and 2013 Meloan was involved in a romantic relationship with Sarah Diot, the victim in this case.  During the course of their relationship, they lived together for approximately three months; at all other relevant times they lived apart.  On the morning of December 7, 2013, Diot was making breakfast for Meloan at the apartment she shared with her sister Lindsey Diot.  According to Meloan, Diot asked him if he could help her with her rent and he declined.  According to Diot, Meloan suddenly got up from where he was sitting and, in a rage, picked her up at the waist and slammed her body to the floor.  Meloan immediately left the apartment, with Diot on the floor where her sister discovered her.  Lindsey Diot stated that she found her sister on the floor, holding her head and complaining that her head hurt.  Diot told her sister that Meloan had "body slammed" her.  Diot complained of nausea and a feeling her brain was swelling.  Lindsey Diot helped Diot change and began driving Diot to the hospital.  On the way to the hospital, Diot experienced a seizure and her sister stopped the car and called 911; emergency medical personnel responded and took Diot to the hospital in an ambulance, where she experienced additional seizures.

At the hospital, Lindsey Diot contacted Meloan.  In texts to Lindsey Diot, Meloan claimed variously that Diot had fallen off a coffee table and had fallen on him.

At the hospital, doctors discovered a fracture at the rear of Diot's skull and bleeding at three points in her brain.  Diot was placed in a medically-induced coma for two and a half weeks.  Diot was released from the hospital after a month and was taking

2

anti-anxiety and anti-seizure medications at the time of the preliminary hearing.

After being arrested and following a preliminary hearing, Meloan pled guilty to one count of inflicting corporal injury on a cohabitant (Pen. Code,[1] § 273.5, subd. (a)) and admitted he inflicted great bodily injury under circumstances involving domestic violence within the meaning of section 12022.7, subdivision (e). At the time of his guilty plea, the trial court advised Meloan that, given his plea, Meloan could be sentenced to a maximum of nine years in prison; the trial court was under no obligation to impose a lesser sentence; and the prosecutor was not obligated to seek a lesser sentence.

After considering the probation report, the trial court imposed the midterm of three years imprisonment on the assault conviction and the midterm of four years on the bodily injury enhancement for a total sentence of seven years. The trial court relied on the serious nature of the injuries Diot suffered and Meloan's failure to take responsibility for his conduct either at the time of the crime or in his interview with the probation officer. The trial court stated that but for the intervention of Diot's sister and prompt medical intervention, Meloan would have been charged with murder. Following imposition of his sentence, Meloan filed a notice of appeal based on matters that occurred after he pled guilty and did not affect the validity of his appeal. (Cal. Rules of Court, rule 8.304(b).)

DISCUSSION

As we have indicated, appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel has presented no argument for reversal and has invited this court to review the record for error in accordance with

---

[1]    All further statutory references are to the Penal Code.

3

*Wende*, *supra*, 25 Cal.3d 436. As we have also indicated, we gave Meloan leave to file a personal brief and he has done so.

In his brief, Meloan criticizes the trial court's reference to the potential Diot's injuries may have been fatal and he might have been charged with murder. Meloan also argues that Diot provoked him and that, although he threw Diot to the floor, the force with which she hit the floor was unexpected. Meloan also concedes that he left the premises after throwing Diot to the floor. In addition, Meloan's brief states his trial counsel told him that the prosecutor only wanted a sentence of four to five years but that the prosecutor wanted to see a probation report. None of the contentions in Meloan's brief sets forth an arguable appellate issue.

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, has disclosed no reasonably arguable appellate issue. Meloan has been represented by competent counsel on this appeal.

### DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

NARES, J.

McINTYRE, J.

4